UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.G.,<br><br>   Plaintiff,<br><br>  v.<br><br>MARTIN J. O'MALLEY, et al.,<br><br>   Defendants. | Case No. 24-cv-02735-SVK<br><br>**ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION**<br><br>Re: Dkt. No. 9, 11, 12 |

Plaintiff appeals from the final decision of the Commissioner of Social Security, which denied her application for disability benefits and supplemental security income. The Parties have consented to the jurisdiction of a magistrate judge. Dkt. 6, 7. For the reasons discussed below, the Court **REVERSES** the Commissioner's decision and **REMANDS** this case for further proceedings.

**I. BACKGROUND**

On or about August 30, 2021, Plaintiff filed applications for disability insurance benefits and supplemental security income. *See* Dkt. 8 (Administrative Record ("AR")) 257-271. Plaintiff claimed that her disability began on June 15, 2020. AR 272. Plaintiff's claims were denied initially on January 13, 2022 (AR 121, 122) and denied on reconsideration on April 5, 2022 (AR 165, 166). On May 2, 2023 an Administrative Law Judge ("ALJ") held a telephonic hearing. *See* AR 17. On September 29, 2023, the ALJ denied Plaintiff's claims. AR 14-35 (the "ALJ Decision"). The ALJ concluded that Plaintiff has the following severe impairments: cervical disc disease with radiculopathy into the upper extremities, rotator cuff impairment, major depressive disorder, post-traumatic stress disorder, alcohol use disorder, and alcoholic cirrhosis with varices, ascites, and portal hypertension. AR 19-20. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. AR 20. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain limitations. AR 22-28. The ALJ determined that

Plaintiff was unable to perform her past relevant work as a lunchroom attendant or sandwich maker. AR 28-29. However, the ALJ concluded that there were other jobs that Plaintiff could perform such as marker, housekeeper, and routing clerk. AR 29-30. Accordingly, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of June 15, 2020 through the date of the ALJ Decision. AR 30.

The Appeals Council subsequently denied Plaintiff's request for review of the ALJ Decision. AR 1-6. Plaintiff then timely filed an action in this District seeking review of the ALJ Decision. Dkt. 1.

In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Social Security Actions, the Parties have presented the action for decision on the briefs. Dkt. 9 (Plaintiff's brief); Dkt. 11 (Commissioner's brief); Dkt. 12 (Plaintiff's reply brief); *see generally* Fed. R. Civ. P. Supp. SS Rule 5. The action is now ready for decision without oral argument.

## II.   ISSUES FOR REVIEW

1. Did the ALJ properly determine that Plaintiff's impairments did not meet or medically equal a Listing?
2. Did the ALJ properly evaluate the medical opinion evidence?
3. Did the ALJ properly evaluate Plaintiff's credibility?

## III.   STANDARD OF REVIEW

This Court is authorized to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id*. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-103 (2019) (internal quotation marks,

citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id.*

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id.* (internal quotation marks and citation omitted).

## IV.     DISCUSSION

### A.     Issue One: The Listings

The Ninth Circuit has recognized that "[c]onditions contained in the Listing of Impairments are considered so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1995) (internal quotation marks omitted); 20 C.F.R. § 404.1520(d).[1] Accordingly, "[c]laimants are conclusively disabled if their condition either meets or equals a listed impairment." *Id.*; 20 C.F.R. § 404.1520(d). As the claimant, Plaintiff bears the burden of proving that her condition meets or equals a Listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005).

Plaintiff contends that the ALJ erred by failing to properly evaluate whether her conditions

---

[1] As stated by the Commissioner, "[t]he DIB and SSI regulations relevant in this case are virtually identical," and as such this order cites the DIB regulations at 20 C.F.R. §§ 404.1520. Parallel SSI regulations are found at 20 C.F.R. §§ 416.900 *et seq*.

1  met the requirements of Listing 5.08.  Dkt. 9 at 7-8.  At the relevant time, Listing 5.08 required
2  "[w]eight loss due to any digestive disorder, despite adherence to prescribed medical treatment,
3  with BMI of less than 17.50 calculated on at least two evaluations 60 days apart within a
4  consecutive 6 month period."  20 C.F.R. § 404, Subpt. P, App. 1 § 5.08.[2]  "Digestive disorders" is
5  defined to include chronic liver disease that results in severe dysfunction of the liver and
6  gastrointestinal tract.  20 C.F.R. § 404, Subpt. P, App. 1 § 5.00(A).

7        The Commissioner concedes that the ALJ did not consider whether Plaintiff met
8  Listing 5.08.  Dkt. 11 at 3; *see also* AR 20-21.  To be sure, the ALJ is not required "to state why a
9  claimant failed to satisfy every different section of the listing of impairments."  *Gonzalez v.*
10 *Sullivan,* 914 F.2d 1197, 1201 (9th Cir. 1990).  When the ALJ's "evaluation of the evidence"
11 adequately describes the "foundations on which the ultimate factual conclusions are based,"
12 requiring an ALJ to explain why a claimant does not meet each Listing "would unduly burden the
13 social security disability process."  *Id.*  Thus, for example, where an ALJ in evaluating some
14 Listings finds that certain criteria were not satisfied, her failure to discuss another Listing that
15 requires the same criteria is not error.  *See Kenneth C. v. Saul*, No. 19-cv-06627-JST, 2021 WL
16 4927413, at *15 (N.D. Cal. Mar. 15, 2021).  Here, however, the ALJ's discussion of other
17 Listings, including Listing 5.05 (which is another Listing concerning digestive disorders) (*see* AR
18 20-21), did not provide the necessary basis for a conclusion that Plaintiff's impairments did not
19 meet or medically equal the criteria of Listing 5.08 because the Listings evaluated by the ALJ had
20 different criteria than Listing 5.08.

21       Turning to the record evidence concerning the criteria under Listing 5.08, Plaintiff points
22 to portions of the medical record that satisfy the BMI measurement criteria of Listing 5.08.  She
23 had a BMI of 16.64 in February 2021 (AR 1254) and a BMI of 17.11 in May 2021 (AR 805, 875).
24 Therefore, Plaintiff had a BMI of less than 17.50 calculated on at least two evaluations 60 days
25 apart within a consecutive 6-month period, as required in Listing 5.08.  The Commissioner

---

[2] The Parties agree that the version of Listing 5.08 that applies in this case required a BMI of less than 17.50 calculated on at least two evaluations 60 days apart within a 6-month period.  Dkt. 9 at 7; Dkt. 11 at 3.  Listing 5.08 was later revised to require that the BMI calculations appear "within a consecutive 12-month period."

4

acknowledges that the record reflects BMI measurements that satisfy the BMI requirement of Listing 5.08.  Dkt. 11 at 3.

Moreover, the ALJ concluded that Plaintiff's severe impairments include "alcoholic cirrhosis with varices, ascites, and portal hypertension."  AR 20.  Varices and portal hypertensive gastropathy are identified in the Listings as manifestations of chronic liver disease which, in turn, is considered a "digestive disorder" for purposes of the Listings in section 5.00, including Listing 5.08.  *See* 20 C.F.R. § 404, Subpt. P, App. 1 § 5.00(C)(2)(b).

Although the record contains this evidence that Plaintiff had the requisite BMI measurements and had a digestive disorder, the Commissioner suggests that rather than losing weight "due to" her digestive disorder as required under Listing 5.08, Plaintiff was "normally thin."  Dkt. 11 at 3.  According to the Commissioner, none of Plaintiff's treatment providers attributed her low body weight to digestive disorders.  *Id.* at 3-4.  However, evidence cited in the ALJ Decision establishes that Plaintiff lost weight at instances during the relevant time period.  For example, Plaintiff had BMI measurements of 16.30 in September 2022 and 17.49 in October 2022 (AR 1773, 2198, 2218; AR 1694, 2115, 2128).  This represented weight loss from August 2022, when the ALJ noted that Plaintiff had a BMI of 18.4.  AR 23 (citing Ex. 7F, pages 160-165); *see also* AR 1999 (Ex. 7F, page 164) (treatment notes from August 5, 2022 stating that Plaintiff weighed 114 pounds with a BMI of 18.40, with a note that Plaintiff "[h]as gained some weight since she stopped drinking alcohol" but advising "Patient to continue monitoring her weight" and recommending "[f]ollow-up if weight loss is noted").  The BMI measurements also show over a longer time horizon that Plaintiff's 16.30 BMI in September 2022 was lower than her BMI measurements in February 2021 (16.64) and May 2021 (17.11).  AR 805, 875, 1254, 1773, 2198, 2218.  In any event, the ALJ did not articulate Plaintiff being "normally thin" as a reason for finding Listing 5.08 not met.  The Court is "constrained to review the reasons the ALJ asserts."  *See Brown-Hunter,* 806 F.3d at 492.  Here, as discussed, the ALJ failed to even address whether Plaintiff's impairments meet Listing 5.08.

The Commissioner does not argue that Plaintiff did not satisfy the "compliance with treatment" requirement of Listing 5.08.  The record shows that Plaintiff continued to treat for her

5

liver cirrhosis during this time period, including hospitalization in February and March of 2021. AR 1010-1013, 1162, 1186. Plaintiff's health care providers were also monitoring her weight. *See, e.g.,* AR 1999. Again, because the ALJ did not evaluate Listing 5.08, the Court cannot evaluate whether the ALJ concluded that Plaintiff was not complying with treatment or whether such a conclusion was supportable.

Under the circumstances of this case, where Plaintiff has identified evidence that she satisfies the BMI requirement of Listing 5.08, has digestive orders, experienced weight loss, and has been in treatment, the ALJ erred by failing to consider whether Plaintiff's impairments or combination of impairments meet Listing 5.08. The ALJ was also required to consider whether Plaintiff's impairments medically equal Listing 5.08, but the ALJ erroneously failed to do so. *See Marcia v. Sullivan*, 900 F.2d 172, 175-76 (9th Cir.1990). These errors were not harmless because a finding that Plaintiff's impairment or combination of impairments met or medically equaled a Listing would result in a conclusive presumption that she was disabled. *See Marcia,* 900 F.2d at 174.

### B.   Other Issues

Having found that the ALJ erroneously failed to evaluate Listing 5.08, the Court does not reach Plaintiff's other claims of error.

### V.   CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED**. It is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, and therefore remand is appropriate. *Luther v. Berryhill*, 891 F.3d 872, 877-78 (9th Cir. 2018). Accordingly, Plaintiff's application to the agency is **REMANDED** for further proceedings in accordance with this order. On remand, the ALJ may also consider Plaintiff's other claims of error not addressed by this Court.

**SO ORDERED.**

Dated: December 16, 2024

SUSAN VAN KEULEN
United States Magistrate Judge